DANIELS *v.* THE STATE.

No. 14857.   JUNE 8, 1944.

*Lee Miller Jr.,* and *A. L. Miller,* for plaintiff in error.

*T. Grady Head, attorney-general, Maston O'Neal, solicitor-general,* and *Victor Davidson, assistant attorney-general,* contra.

WYATT, Justice. ■ Shorty Daniels was found guilty of murder, with a recommendation of mercy. He made a motion for new trial, based on the general grounds, and later filed an amendment complaining of specific portions of the charge to the jury. The motion was overruled and he excepted.

The jury was authorized to find from the evidence for the State that the deceased, George Gilbert, and the defendant had been

together most of the day before the killing, and were drinking; that in the early part of the night of the killing they left the home of the deceased in the defendant's automobile; that about midnight the wife of the deceased heard a gunshot, and shortly thereafter, in response to a summons from the defendant's stepson she went to the defendant's home, where she found her husband lying under a tree near the mailbox in front of the defendant's house. He had been shot from the back in the calf of the leg. The defendant's automobile was parked in the yard some several feet away; blood was on the front seat and the running board, and a trail of ,blood led from the car to where the deceased was lying on the ground. There appeared to be shot holes in the front seat of the automobile. The defendant had gone into his house, and had come back out in the yard, when a gunshot was heard in the yard. When the wife of the deceased got there, the defendant was standing in the yard with his gun in his hand. He stated that he was ready for the next one, and made no effort to minister to the deceased; but put his gun in the car and drove away. An empty gun shell was found in the yard, and the defendant's gun was loaded with a shell of a kind identical with the empty shell found in the yard. The deceased died as a result of the 'gunshot wound.

The evidence, though circumstantial, amply justified the verdict, and therefore there is no merit in the general grounds of the motion for a new trial.

■ The only special assignment of error complains of the following excerpt from the charge of the court, to wit: "Murder is the unlawful killing of a human being, in the peace of the State, by a person of sound memory and discretion, with malice aforethought, either express or implied. In its commission is involved a killing not authorized by law, and such killing must have been by a person of sound memory and discretion. To constitute this offense, the killing must have been done with malice aforethought, either express or implied. Express malice is the deliberate intention to take away the life of a fellow creature, which is manifested by external circumstances capable of proof. Malice shall be implied where no considerable provocation appears, and where all the facts and circumstances of the killing show an abandoned and malignant heart. In law there is in fact no difference between express and implied malice. Express malice is that degree of

malice which is capable of proof by some external circumstances. Preparation for the act of killing, lying in wait, threats to kill, and matters of that character may be some of the evidence tending to show express malice. Implied malice is that state of mind which is manifested by the taking of human life where all the facts and circumstances show that it was done without provocation, and as the result of an abandoned and malignant heart. An abandoned and malignant heart in the sense of the law is commonly held to be evidenced by a weapon or other appliance likely to produce death, and by the brutal and bloodthirsty use of such instrumentality." The plaintiff in error first singles out the following portion of the quoted excerpt, to wit: "Implied malice is that state of mind which is manifested by the taking of human life where all the facts and circumstances of the killing show that it was done without provocation, and as the result of an abandoned and a malignant heart. An abandoned and malignant heart, in the sense of the law, is commonly held to be evidenced by a weapon or other appliance likely to produce death, and by the brutal and bloodthirsty use of such instrumentality." He says that this charge was error. In *Ray* v. *State,* 15 *Ga.* 223, 244, this court made use of the following language: "Our next question was, do we find in this evidence, proof that the prisoner was influenced by an abandoned and malignant heart, in the sense in which the law uses these terms? This is commonly held to be evidenced by a weapon, or other appliance likely to produce death, and by brutal and bloodthirsty use of such instrumentality." Therefore this portion of the charge was correct and proper. The plaintiff in error then argues that the entire excerpt was error, for the reason that the effect of this language was to charge the jury that when a homicide has been shown, the law will presume malice until the contrary is made to appear by the defendant; and he contends that this rule of law is inapplicable in cases where the State, in order to establish the fact that the defendant did the killing, must rely on an admission by the defendant that he did the killing, which at the same time justifies the killing. Numerous authorities on this question are cited. We can not agree that this excerpt can be given the meaning insisted upon. Nowhere did the judge charge the jury to the effect that malice would be implied when a homicide is shown, though it is true he did, and properly so, define both

express and implied malice; but the language of this excerpt fails to convey to our minds the impression that he charged anywhere about a presumption of malice when a homicide has been shown.'

The court did not err in denying the motion for a new trial.

*Judgment affirmed. All the Justices concur.*